**Jo Davis HALLINGBY, as Executrix of the Estate of Paul Hallingby, Jr., Plaintiff,**

v.

**Mai V. HALLINGBY, now known as Mai V. Harrison, and Metropolitan Life Insurance Company, Defendants.**

No. 06 Civ. 5059 (VM).

United States District Court, S.D. New York.

Sept. 7, 2010.

Richard Henry Dolan, Schlam Stone & Dolan LLP, New York, NY, for Plaintiff.

James Gerard McCarney, Howrey LLP, New York, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge:

By Order dated March 3, 2010 (the "March 3 Order") the Court granted in part the summary judgment motion of plaintiff Jo Davis Hallingby ("Hallingby"), as Executrix of the Estate of Paul Hallingby, Jr., finding that the defendant Mai V. Hallingby, now known as Mai V. Harrison ("Harrison"), breached a marital property settlement dated May 5, 1994 (the "Settlement Agreement") between decedent Paul Hallingby, Jr. and Harrison, his former wife.[1] Hallingby now seeks an award of attorneys' fees and costs under the Settlement Agreement, which provides for reimbursement of "any and all expenses, costs and reasonable attorneys' fees" in the event of a breach. (Declaration of Richard H. Dolan, dated November 10, 2009, Ex. C. at Settlement Agreement Art. XXVI(2).)

On March 12, 2010, Hallingby submitted documentation in support of her application. The Court directed the parties to endeavor in good faith to reach a settlement as to the amount Hallingby was reasonably entitled to collect. Instead, after numerous delays and requests for extensions, Harrison opposed Hallingby's request for attorneys' fees and costs, arguing that (1) the Court lacks subject matter jurisdiction over the proceeding because Hallingby, in her capacity of executrix, omitted to substitute herself for the decedent as a party to the state court action prior to its removal to this Court by Harrison; (2) Hallingby should be estopped from recovering fees because of her inequitable conduct; and (3) that Hallingby's application for attorneys' fees and costs should be denied as unreasonable. Hallingby submitted a reply in further support of her application for an award of fees, dated August 16, 2010, and Harrison submitted a sur-reply, dated August 25, 2010, addressing only the jurisdictional argument. Upon consideration of the above submissions, including attached declarations and exhibits, the Court grants Hallingby's application for attorneys' fees and costs in the amount of $190,949.86.

◼ The Court is not persuaded by any of Harrison's arguments in opposition to Hallingby's application. First, Harrison's jurisdictional argument is meritless. Harrison asserts that when this action was removed from state court, a procedure that was instituted by Harrison herself, the removal petition was defective because the state court lacked jurisdiction over the dispute. She now contends that the Court lacks jurisdiction to award attorneys' fees and costs because the removal was improper. In *Hallingby v. Hallingby*, the Court of Appeals for the Second Circuit found that the Court had subject matter jurisdiction over the instant action. *See* 574 F.3d 51, 56 (2d Cir.2009) ("With MetLife gone, there was complete diversity. And as the complaint alleges that the estimated present value of the Annuities is $150,000, the prerequisites for diversity jurisdiction were met when MetLife was dismissed in 2007. Accordingly, the case is now properly in federal court."). Harrison suggests no compelling reason to revisit that determination of jurisdiction, which is binding on this Court. Further, the Court finds no basis in law or fact to deny Hallingby's application based on inequitable conduct. In its March 3 Order, the Court found that Harrison breached the Settlement Agreement, which, as stated above, provides for fees and costs. Accordingly, Hallingby is entitled to reasonable fees and costs as a matter of law.

---

1. The Court assumes familiarity of the facts of this case, which are set forth in the March 3 Order, available at *Hallingby v. Hallingby*, 693 F.Supp.2d 360 (S.D.N.Y.2010).

██ Finally, the Court finds that Hallingby's fee and costs application is reasonable. When considering an application for reasonable attorneys' fees, district courts in this Circuit should focus on "setting a reasonable hourly rate, taking account of all case-specific variables," and then multiplying that rate by the number of hours worked. *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182, 189 (2d Cir.2008). When determining what a client would be willing to pay, the district court should consider the factors laid out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), and it "should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 190.

██ The *Johnson* considerations referred to by the Second Circuit in *Arbor Hill* are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 186 n. 3 (*citing Johnson*, 488 F.2d at 717–19). In *Arbor Hill*, the Second Circuit also listed the following considerations for district courts:

> the complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

522 F.3d at 184.

Hallingby provided the Court with a total figure of $190,949.86, which included fees and disbursements incurred by three separate law firms: Carter Ledyard & Milburn LLP ("Carter Ledyard"), Faegre & Benson LLP ("Faegre & Benson"), and Schlam Stone & Dolan LLP ("Schlam Stone & Dolan"). Four attorneys billed 26.9 hours on the matter at Carter Ledyard, totaling $10,637.50: Daniel McSwiggan, a partner, at a rate of $575 to $600 per hour; Patricia Mayze, of counsel, at a rate of $465 to $475 per hour; Katherine Steadwell, an associate, at a rate of $200 per hour; and Paulina Mejia, an associate, at a rate of $260 per hour. Three attorneys and a summer associate at Faegre & Benson billed 141 hours of time to the matter, totaling $53,986.50 in fees: Stephen Severson and Debbie Elingboe, both partners, at rates of $380 to $455 per hour; Paul Heiring, of counsel, at a rate of $405 to $415 per hour; and Kate Sorensen, the summer associate, at a rate of $160 per hour. Hallingby also incurred costs in an amount of $2,177.15 at Faegre & Benson. Finally, Schlam Stone & Dolan billed a total of 238 hours to the matter, amounting to $115,112.00. This number includes 33.6 hours billed by paralegals at a rate of $125

to $135 per hour; 11.7 hours billed by Andrew Harris, an associate, at a rate of $375 per hour; 182.3 hours billed by Richard Dolan, a partner, at a rate of $525 to $575 per hour; and 10.4 hours billed by several other attorneys, at a rate of $350 to $575 per hour, depending on qualifications and experience. Hallingby also incurred $9,036.71 in costs at Schlam Stone & Dolan. Weighing the considerations outlined in *Arbor Hill,* the Court finds these fees and costs reasonable.

The Court notes that Hallingby's application does not include any attorneys' fees and costs attributable to litigation of the jurisdiction issue in connection with the instant proceeding and any further appeal of it. In view of the circumstances, the Court would entertain an application and argument regarding a supplemental request extending to such additional amounts. Accordingly, it is hereby

**ORDERED** that the application of plaintiff Jo Davis Hallingby ("Hallingby"), as Executrix of the Estate of Paul Hallingby, Jr., for an award of attorneys' fees and costs is GRANTED; and it is further

**ORDERED** that defendant Mai V. Hallingby, now known as Mai V. Harrison, is directed to reimburse Hallingby in the amount of $190,949.86 within thirty days of this Order.

The Clerk is directed to terminate any pending motions and to close this case.

**SO ORDERED.**